UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>(1)  JUSTIN SURIEL, a/k/a "Chachi,"<br>(2)  NATHANIEL INFANTE, a/k/a<br>      "Natti,"<br>(3)  JONATHAN CRUZ, a/k/a "Trippy,"<br>(4)  FELIX RODRIGUEZ,<br>(5)  STEVEN RIOS, a/k/a "Doofy,"<br>(6)  CIRIO JUNIOR DOLORES-<br>      ACEVEDO, a/k/a "D.H.C.,"<br>      a/k/a "Domi,"<br>(7)  CELINO GUZMAN CABREJA,<br>(8)  ANTHONY MARTINEZ,<br>(9)  CHRISTOPHER RILEY,<br>(10) ELIJAH DECLET, a/k/a "Evil,"<br>     and<br>(11) EMMANUEL LYS,<br><br>         Defendants | Criminal No. 21-cr-10204-GAO(s)<br><br>Violations:<br><br>Count One: Felon in Possession of<br>Firearm and Ammunition<br>(18 U.S.C. § 922(g)(1))<br><br>Count Two: Conspiracy to Distribute and<br>Possess with Intent to Distribute 40 Grams or<br>More of Fentanyl, 500 grams or more of<br>Cocaine, and Suboxone<br>(21 U.S.C. § 846)<br><br>Count Three: Possession with Intent to<br>Distribute 40 Grams or More of Fentanyl;<br>Aiding and Abetting<br>(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi); 18<br>U.S.C. § 2)<br><br>Count Four: Distribution of and Possession<br>with Intent to Distribute Cocaine; Aiding and<br>Abetting<br>(21 U.S.C. § 841(a)(1); 18 U.S.C. § 2)<br><br>Count Five: Conspiracy to Commit Kidnapping<br>(18 U.S.C. § 1201(c))<br><br>Count Six: Possession with Intent to Distribute<br>Cocaine; Aiding and Abetting<br>(21 U.S.C. §§ 841(a)(1); 18 U.S.C. § 2)<br><br>Count Seven: Distribution of and Possession<br>with Intent to Distribute Cocaine<br>(21 U.S.C. § 841(a)(1))<br><br>Count Eight: Distribution of and Possession<br>with Intent to Distribute 50 Grams or More of<br>Methamphetamine<br>(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii)) |

)
)    Forfeiture Allegation:
)    (18 U.S.C. § 924(d); 28 U.S.C. § 2461(c))
)
)    Drug Forfeiture Allegation
)    (21 U.S.C. § 853)
)
)    Kidnapping Forfeiture Allegation
)    (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §
)    2461)
)

## SUPERSEDING INDICTMENT

### COUNT ONE
Felon in Possession of Firearm and Ammunition
(18 U.S.C. § 922(g)(1))

The Grand Jury charges:

On or about May 24, 2021, in Lawrence, in the District of Massachusetts, the defendant,

(1)    JUSTIN SURIEL, a/k/a "Chachi,"

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm and ammunition, that is, a Taurus PT738 pistol bearing serial number 28035C and five rounds of .380 caliber ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

2

COUNT TWO
Conspiracy to Distribute and Possess with Intent to Distribute 40 Grams or More of Fentanyl,
500 Grams or More of Cocaine, and Suboxone
(21 U.S.C. § 846)

The Grand Jury further charges:

From in or about October 2020 through in or about September 2021, in the Districts of

Massachusetts, New Hampshire, Maine, and elsewhere, the defendants,

     (1)    JUSTIN SURIEL, a/k/a "Chachi,"
     (2)    NATHANIEL INFANTE, a/k/a "Natti,"
     (3)    JONATHAN CRUZ, a/k/a "Trippy,"
     (4)    FELIX RODRIGUEZ,
     (5)    STEVEN RIOS, a/k/a "Doofy,"
     (6)    CIRIO JUNIOR DOLORES-ACEVEDO, a/k/a "D.H.C.," a/k/a "Domi,"
     (7)    CELINO GUZMAN CABREJA,
     (8)    ANTHONY MARTINEZ,
     (9)    CHRISTOPHER RILEY,
     (10)   ELIJAH DECLET, a/k/a "Evil," and
     (11)   EMMANUEL LYS,

conspired with each other and with other persons known and unknown to the Grand Jury, to

knowingly and intentionally distribute and possess with intent to distribute a mixture and substance

containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propenamide,

also known as fentanyl, a Schedule II controlled substance; cocaine, a Schedule II controlled

substance; and buprenorphine, also known as Suboxone, a Schedule III controlled substance, in

violation of Title 21, United States Code, Sections 841(a)(1).

It is further alleged that the offense charged in Count One involved 40 grams or more of a

mixture and substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-

piperidinyl ] propenamide, also known as fentanyl, a Schedule II controlled substance.

Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(vi), is applicable to this Count.

It is further alleged that, with respect to Count One, 40 grams or more of a mixture and

3

substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propenamide, also known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (1) JUSTIN SURIEL, a/k/a "Chachi," (2) NATHANIEL INFANTE, a/k/a "Natti," and (3) JONATHAN CRUZ, a/k/a "Trippy."   Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(vi), is applicable to defendants (1) JUSTIN SURIEL, a/k/a "Chachi," (2) NATHANIEL INFANTE, a/k/a "Natti," and (3) JONATHAN CRUZ, a/k/a "Trippy."

It is further alleged that the offense charged in Count One involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.   Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(ii), is applicable to this Count.

It is further alleged that, with respect to Count One, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (6) CIRIO JUNIOR DOLORES-ACEVEDO, a/k/a "D.H.C.," a/k/a "Domi."   Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(ii), is applicable to defendant (6) CIRIO JUNIOR DOLORES-ACEVEDO, a/k/a "D.H.C.," a/k/a "Domi."

All in violation of Title 21, United States Code, Section 846.

COUNT THREE
Possession with Intent to Distribute
40 Grams or More of Fentanyl; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about October 23, 2020, in Lawrence and Methuen in the District of Massachusetts,

and elsewhere, the defendants,

      (1)     JUSTIN SURIEL, a/k/a "Chachi,"
      (2)     NATHANIEL INFANTE, a/k/a "Natti," and
      (3)     JONATHAN CRUZ, a/k/a "Trippy,"

did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture

and substance containing a detectable amount of N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl]

propenamide, also known as fentanyl, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(vi), and

Title 18, United States Code, Section 2.

5

COUNT FOUR
Distribution of and Possession with Intent to Distribute
Cocaine; Aiding and Abetting
(21 U.S.C. § 841(a)(1); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about October 29, 2020, in Lawrence, in the District of Massachusetts, the

defendants,

| (1) | JUSTIN SURIEL, a/k/a "Chachi," |
|-----|--------------------------------|
| (4) | FELIX RODRIGUEZ, and |
| (6) | CIRIO JUNIOR DOLORES-ACEVEDO, a/k/a "D.H.C.," a/k/a "Domi," |

did knowingly and intentionally distribute and possess with intent to distribute a mixture and

substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United

States Code, Section 2.

6

COUNT FIVE
Conspiracy to Commit Kidnapping
(18 U.S.C. § 1201(c))

The Grand Jury further charges:

From on or about October 25, 2020, and continuing thereafter until on or about October

27, 2020, in Lawrence, in the District of Massachusetts, and elsewhere, the defendants,

(1) JUSTIN SURIEL, a/k/a "Chachi," and
(5) STEVEN RIOS, a/k/a "Doofy,"

conspired with each other and other persons known and unknown to the Grand Jury, to unlawfully

seize, confine, inveigle, decoy, kidnap, abduct, and carry away Victim 1 and hold Victim 1 for

ransom, reward, and otherwise, when, in furtherance of the commission of the offense, (1) Victim

1 willfully travelled in interstate commerce and (2) defendants used a means, facility and

instrumentality of interstate and foreign commerce, to wit, cellular telephones.

Overt Acts in Furtherance of the Conspiracy

From on or about October 25, 2020, and continuing thereafter until on or about October

27, 2020, the defendants and coconspirators known and unknown to the Grand Jury committed

and caused to be committed the following overt acts, among others, in furtherance of the

conspiracy, any one of which is sufficient:

a. On October 25, 2020, RIOS informed SURIEL that he knew Victim 1 robbed him.

b. On October 25, 2020, SURIEL directed RIOS to order marijuana from Victim 1 so
   that they could kidnap and injure Victim 1.

c. Between October 26, 2020 and October 27, 2020, RIOS used a cellular telephone to
   contact Victim 1, who was in the District of Maine, and invited Victim 1 to deliver
   marijuana to RIOS in the District of Massachusetts.

d. On or about October 27, 2020, after RIOS caused Victim 1 to travel from the District
   of Maine to the District of Massachusetts, SURIEL and RIOS recruited others known

7

and unknown to the Grand Jury to seize, confine, kidnap, abduct, and hold Victim 1 in retaliation for an earlier robbery of RIOS.

e.  On October 27, 2020, SURIEL asked his mother by telephone to provide babysitting so that SURIEL could participate in the kidnapping.

f.  On October 27, 2020, RIOS and others known and unknown to the Grand Jury gathered at RIOS's residence to effectuate the kidnapping.

All in violation of Title 18, United States Code, Section 1201(c).

8

COUNT SIX
Possession with Intent to Distribute
Cocaine; Aiding and Abetting
(21 U.S.C. § 841(a)(1); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about February 25, 2021, in Andover, in the District of Massachusetts, the

defendants,

(6) CIRIO JUNIOR DOLORES-ACEVEDO, a/k/a "D.H.C.," a/k/a "Domi," and
(8) ANTHONY MARTINEZ,

did knowingly and intentionally possess with intent to distribute a mixture and substance

containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United

States Code, Section 2.

9

<u>COUNT SEVEN</u>
Distribution of and Possession with Intent to Distribute Cocaine
(21 U.S.C. § 841(a)(1))

The Grand Jury further charges:

On or about August 20, 2021, in Haverhill, in the District of Massachusetts, the defendant,

(10) ELIJAH DECLET, a/k/a "Evil,"

did knowingly and intentionally distribute and possess with intent to distribute a mixture and

substance containing a detectable amount of cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

10

<u>COUNT EIGHT</u>
Distribution of and Possession with Intent to Distribute 50 Grams or More of Methamphetamine
(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii))

The Grand Jury further charges:

On or about August 30, 2021, in Haverhill, in the District of Massachusetts, the defendant,

(10) ELIJAH DECLET, a/k/a "Evil,"

did knowingly and intentionally distribute and possess with intent to distribute 50 grams or more

of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II

controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

11

FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1.      Upon conviction of the offense in violation of Title 18, United States Code, Section(s) 922, set forth in Count One, the defendant,

(1)      JUSTIN SURIEL, a/k/a "Chachi,"

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense.   The property to be forfeited includes, but is not limited to, the following:

a.   A Taurus PT738 pistol bearing serial number 28035C; and

b.   Five rounds of .380 caliber ammunition.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

13

DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

1.     Upon conviction of the offense in violation of Title 21, United States Code, Section

846, set forth in Count Two, and offenses in violation of Title 21, United States Code, Section

841(a)(1), set forth in Counts Three, Four, Six, Seven, and Eight, the defendants,

|     |     |
|-----|-----|
| (1) | JUSTIN SURIEL, a/k/a "Chachi," |
| (2) | NATHANIEL INFANTE, a/k/a "Natti," |
| (3) | JONATHAN CRUZ, a/k/a "Trippy," |
| (4) | FELIX RODRIGUEZ, |
| (5) | STEVEN RIOS, a/k/a "Doofy," |
| (6) | CIRIO JUNIOR DOLORES-ACEVEDO, a/k/a "D.H.C.," a/k/a "Domi," |
| (7) | CELINO GUZMAN CABREJA, |
| (8) | ANTHONY MARTINEZ, |
| (9) | CHRISTOPHER RILEY, |
| (10) | ELIJAH DECLET, a/k/a "Evil," and |
| (11) | EMMANUEL LYS |

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any

property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of

such offenses; and any property used, or intended to be used, in any manner or part, to commit, or

to facilitate the commission of, such offenses. The property to be forfeited includes, but is not

limited to, the following asset(s):

a.     $28,000.00 in U.S. Currency from various places within the residence at 30
       Shattuck Road, Unit 4212, Andover, MA;

b.     2019 Land Rover Range Rover SUV;

c.     2021 Mercedes Benz GLE53C4 Hybrid; and

d.     2021 Mercedes Benz GLE53C4 Hybrid.

14

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant -

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third party;

      c.  has been placed beyond the jurisdiction of the Court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## KIDNAPPING FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

1.      Upon conviction of the offense in violation of Title 18, United States Code, Section 1201, set forth in Count Four, the defendants,

> (1) JUSTIN SURIEL, a/k/a "Chachi,"and
> (5) STEVEN RIOS, a/k/a "Doofy",

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

> a.   cannot be located upon the exercise of due diligence;
>
> b.   has been transferred or sold to, or deposited with, a third party;
>
> c.   has been placed beyond the jurisdiction of the Court;
>
> d.   has been substantially diminished in value; or
>
> e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

PHILIP C. CHENG
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: November  3  , 2021
Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK

17