UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **United States of America** <br> v. <br> **Nathaniel Infante** | No. 21-cr-10204-IT |

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant Nathaniel Infante submits this memorandum to assist the Court in sentencing. To determine the appropriate sentence, "the sentencing court must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the sentencing factors, 18 U.S.C. § 3553(a)." *Nelson v. United States*, 555 U.S. 350, 351 (2009). The defendant is subject to a 5-year minimum term of imprisonment and urges the Court to impose a sentence of 5 years of incarceration and four years of supervised release as "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a). *United States v. Kimbrough*, 552 U.S. 85 (2007); *United States v. Booker*, 543 U.S. 220 (2005).

Mr. Infante requests the Court to recommend his admission to the BOP's RDAP program, the Alternative Community Placement Program, and the Probation Office's CARE Program.

Mr. Infante's road to drug dealing began as a teenager, when he started using marijuana every day. From the age of 16 until his arrest in this case, he smoked all day, every day. He was prescribed Percocet when 19-years-old and developed an addiction that persisted until shortly before his arrest, when he made his first attempt, unsuccessfully, to quit. The need for money to support his drug use could not be met by his earnings from legitimate work and led to his involvement in selling.

His drug use also played a significant role in the choices he made concerning those

he chose as friends. He ended all gang involvement upon his incarceration.

Since 2016, Mr. Infante's employment has involved cooking jobs in restaurants. He enjoys the work, and many have told him that he is very good at it. He hopes to be able to receive culinary training while incarcerated. Whether or not culinary training is available, he plans to pursue it upon release and work as a cook. He also wants to obtain a GED.

He is 27 years old. He does not want a future of more drug addiction, lost jobs, and pressure to turn to crime as a means of supporting drug use.

The dangers of fentanyl are clear. Less clear is how judges in Massachusetts should take these dangers into account when determining sentences. The reality of the drug market in Massachusetts is that almost all opiates contain fentanyl. This is true whether drugs are in powder or tablet form, or whether they look like some other prescription drug such as Percocet. Imposing stiffer penalties on dealers of fentanyl makes more sense if the dealer is choosing to sell fentanyl, rather than selling a less dangerous narcotic, but those dealing in illegal narcotics are not making such a choice. Fentanyl is so much less expensive than heroin and prescription opiates that it has completely taken over the market. Law enforcement agents learning of Percocet trafficking now immediately assume that the drug is really fentanyl. Those buying narcotics are not under any illusion that they are getting heroin or Percocet free of fentanyl.

Mr. Infante is eligible for a safety-valve reduction pursuant to the First Step Act. If he were granted a 2-level downward variance, his TOL would be 19, his CHC is III, and his guideline range would be 37-46 months. His reluctance to pursue this reduction does not stem from any code of criminal behavior; it stems from safety concerns. This is

another reality that the guidelines fail to consider. Defendants in Wyatt and Plymouth are told that any indication that they spoke to the government will be perceived as cooperation by prison inmates. The problem is particularly acute in conspiracy cases, where inmates know that a proffer will necessarily go beyond the individual defendant's conduct. Federal inmates are routinely pressured to provide copies of judgments, statements of reasons and presentence reports, and this is widely known among those with pending cases. BOP rules prohibiting this have little effect. Inmates fear that any clue that their sentence was reduced due to communications with the government will be met with retribution. Mr. Infante's decision to give up a reduction to a 37-46 month guideline range is punishment enough; he should not be further penalized beyond the minimum mandatory for that choice.

> Nathaniel Infante
> By his Attorney,
>
> /s/ *Keith Halpern*
> Keith Halpern, BBO # 545282
> 572 Washington Street, Suite 19
> Wellesley, MA 02482
> (617) 722-9952

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 9, 2022.

/s/ *Keith Halpern*